THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆

MARC OSTROFF and            ◆
VAUGHN DASHIELL           ◆
                             ◆
       Plaintiffs,           ◆     C. A. No.
                             ◆
      v.                ◆
                             ◆
ST. JOSEPH'S AT PROVIDENCE CREEK, ◆     JURY TRIAL DEMANDED
a Delaware non-profit corporation, and  ◆
ST. JOSEPH'S AT PROVIDENCE CREEK  ◆
BOARD OF DIRECTORS,        ◆
                             ◆
       Defendants.         ◆

◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆ ◆

## **COMPLAINT**

### *Parties*

1.     Plaintiffs, Marc Ostroff ("Mr. Ostroff") and Vaughn Dashiell ("Mr. Dashiell") (collectively "Plaintiffs"), have at all times relevant to this Complaint, been residents of Kent County, State of Delaware.

2.     Defendant, St. Joseph's at Providence Creek ("St. Joseph's") is and at all times relevant to this Complaint, was a Delaware non-profit, non-stock, member corporation with a principal place of business at 355 West Duck Creek Road, Clayton, Delaware, 19938.  St. Joseph's is subject to service of process upon the St. Joseph's at Providence Creek President, Phil Voshell, at 198 Sorrell Circle, Smyrna, DE 19977.

3.     Defendant St. Joseph's at Providence Creek Board of Directors is the Board of Directors of St. Joseph's at Providence Creek ("Board" or "Board of Directors") at all times

relevant to this Complaint. The Board is subject to service of process upon the St. Joseph's at Providence Creek President, Phil Voshell, at 198 Sorrell Circle, Smyrna, DE 1977.[1]

## *Introduction*

4. Plaintiff files this action against Defendants for past wages owed in the nature of Defendants' failure to pay wages, failure to pay minimum wage, failure pay severance payments, breach of contract and other damages and remedies associated with his claims as set forth below.

5. Defendants willfully or with reckless disregard, violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, when it failed to pay Plaintiff for all overtime or minimum wage worked and for all hours worked.

6. Defendants willfully or with reckless disregard violated the Delaware Wage Payment and Collection Act, 19 *Del. C.* §§ 1101, *et seq.,* for wages earned.

7. Defendants willfully and/or maliciously disregard breached its contract when it failed to carry out its Board Resolution to pay Plaintiff's severance payments and benefits as Plaintiffs were parties to the contract and/or third party beneficiaries of the Board Resolution,.

8. Alternatively, Defendants willfully and/or maliciously induced Plaintiffs to sign waivers of liability and/or to continue working for and providing services for Defendants without compensation based upon its promise to compensate Plaintiffs under a Board Resolution promising to provide severance payments and continued benefits.

## *Jurisdiction*

---

[1] All Defendants will be referred to collectively as "Defendants".

2

9.     This Court has federal question jurisdiction over this cause of action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331.  The Court also has jurisdiction over Plaintiff's state statutory and common law claims by virtue of 28 U.S.C. § 1367.

10.     Venue is proper in this Court pursuant to 29 U.S.C. §1132 and/or §1451, as well as 28 U.S.C. §1391(b).

### *Factual Background*

11.     Mr. Ostroff began working for St. Joseph's as Executive Director in 2004.  In this capacity, he reported directly to the St. Joseph's Board of Directors.

12.     Mr. Dasheil began work for St. Joseph's as a Caretaker/Groundskeeper in or about December 1990.

13.     In 2009, St. Joseph's began experiencing financial difficulties.

14.     In or about August 2010, Mr. Ostroff advised the Board of Directors that the balance in St. Joseph's bank account was getting very low.

15.     During the September 2010 Board meeting, Mr. Ostroff, aware that St. Joseph's would soon run out of money if certain contingencies did not occur, namely getting anew tennant, presented the Board of Directors with proposed severance packages for the three St. Joseph's employees - himself, Mr. Dashiell and the other St. Joseph's employee.

16.     Thereafter, the Board of Directors was receptive to Mr. Ostroff's proposal and indicated that it intended to approve it.

17.     On November 28, 2010, Plaintiffs were officially terminated by Defendants.

18.     On December 9, 2010, the Board of Directors approved a Payment Resolution. Included in that Payment Resolution was an provision to "Honor a commitment to the three remaining employees, as of 11/24/10, to pay severance salaries and continued health insurance coverage totaling approximately $89,000, as presented at the regular September Board meeting, and also approved for proposal to Wilmington Trust 11/17/10."

19.     In return and in consideration of receiving the severance packages, Plaintiffs and the other terminated employee were required to sign waivers of liability to the Board members.

20.     Although their employment had been officially terminated, Defendants, Plaintiffs continued to work for St. Joseph's and take care of St. Joseph's business in conjunction with, and with the knowledge of St. Joseph's and the Board of Directors.

21.     Plaintiffs detrimentally relied Board Resolution when they continued to work for St. Joseph's without compensation in the hopes that Defendants would perform under the Payment Resolution.

22.      Following their terminations, Plaintiffs were not paid for vacation time and sick time owed to them.

23.     On August 1, 2011, Mr. Ostroff sent a letter to the Board of Directors demanding payment for back wages and performance under the Board Resolution.

24.     Defendants responded that they were "unable to provide additional funds at this time."

25.     In October 2011, Plaintiffs' attorney contacted Defendants regarding the payment of the severance packages.  Plaintiffs' counsel was advised that all further communications should go through Defendants' insurer.

4

26.     Defendants' insurer advised Plaintiffs' counsel that it would look into the matter and get back to Plaintiffs' counsel.  Defendants' insurer failed to contact Plaintiffs' counsel at any time thereafter.

## COUNT I
### *Violation of the Fair Labor Standards Act – All Hours Worked*

27.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 26.

28.     Defendants are employers within 29. U.S.C. § 203(d).

29.     Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g) at times following Defendants' notice of Plaintiffs termination.

30.     Defendants willfully violated 29 U.S.C. § 206 by failing to pay Plaintiffs wages for hours worked.

31.     Plaintiff Dashiell's job duties did not exempt him from the minimum wage provision of the Fair Labor Standards Act.

32.     Plaintiff Ostroff was not an exempt employee during the relevant time period, following the notice of his termination, because he was paid no salary.

33.     At all relevant times Defendants engaged in a willful policy, pattern or practice of requiring or permitting Plaintiff to work hours without paying them the minimum wage.

34.     Further, Defendants willfully failed to record, report, credit, keep, and preserve records to determine the wages, hours and other conditions and practices of employment therefore violating 29 U.S. C. §§ 211(c) and 215(a).

35.     As a result of the aforementioned violations, Defendants damaged Plaintiff in amounts to be determined according to proof at time of trial.

**COUNT II**
**_Violation of Delaware Wage Payment and Collection Act_**

36.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 35.

37.     Defendants are employers within the meaning of 19 *Del. C.* §1113(a)(3).

38.     Plaintiffs are employees within the meaning of 19 *Del. C.* §1113(a)(4).

39.     Defendants willfully and in bad faith failed to pay Plaintiffs wages in the form of compensation for hours worked, as well as accrued vacation and sick time in violation of 19 *Del. C.* §§1101, 1107 and 1109.  Plaintiffs are entitled to payment of their unpaid wages, liquidated damages in an amount equal to these unpaid wages, attorney's fees, costs of prosecution and the costs of this action pursuant to 19 *Del. C.* §1113(c).

**COUNT III**
**_Breach of Contract_**

40.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 39.

41.     Plaintiffs and Defendants entered into a valid binding contract with respect to the Board Resolution.

42.     Plaintiffs were parties to the contract.

43.     Alternatively, Plaintiffs were third party beneficiaries to the Board Resolution.

44.     Defendants agreed to pay Plaintiffs under the terms of the Board Resolution in return for Plaintiffs executing waivers of liability to the members of the Board of Directors.

45.     Plaintiffs provided consideration in the form of executing the waivers.

46.     Defendants breached the contract by willfully failing to perform under the contract.

47.     Plaintiffs did not receive the benefit of their bargain under the contract.

48.     Plaintiffs have been damaged financially by Defendants' failure to perform under the contract in terms of lost monetary payments and benefits.

49.     Defendants' inducement of Plaintiffs to sign the waivers of liability was willful and/or malicious.

50.     Defendants' failure to perform under the contract was willful and malicious.

## COUNT IV
### *Promissory Estoppel*

51.     Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 50.

52.     Defendants promised to pay Plaintiffs payments and benefits under the Board Resolution.

53.     Defendants induced Plaintiffs to continue working and performing services on Defendants' behalves in expectation of receiving the payments and benefits promised under the Board Resolution.

54.     Defendants induced Plaintiffs to execute the waivers of liability in expectation of receiving the payments and benefits promised under the Board Resolution.

55.     Defendants should have reasonably expected that Plaintiffs actions would be so induced.

56.     Plaintiffs detrimentally relied upon Defendants' promise to pay Plaintiffs payments and benefits under the Board Resolution.

57.     Defendants willfully and/.or maliciously failed to pay Plaintiffs under the Board Resolution.

58.     Justice requires that Defendants perform under the Board Resolution.

## COUNT V
### *Quasi Contract*

59.     Plaintiffs conferred a benefit to Defendants by executing waivers of liability.

60.     Plaintiffs had a reasonable expectation of being compensated under the terms of the Board Resolution.

61.     The benefits conferred by Plaintiffs to Defendants were at the express or implied request by Defendants.

62.     Defendants have been unjustly enriched by the benefit conferred to them by Plaintiffs.

63.     Defendants' inducement of Plaintiffs to continue working without payment and/or to sign the waivers of liability was willful and/or malicious.

64.     Defendants' failure to perform under the contract was willful and malicious.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter a judgment against Defendant and in their favor for damages suffered by Plaintiff as a result of Defendants' actions and award the following relief:

A.     Award Plaintiffs compensation due for all time worked but not compensated under the Delaware Wage Payment and Collection Act;

B.     Award Plaintiffs equal and additional amounts to the unpaid wages as liquidated damages;

C.     Alternatively, award Plaintiffs minimum wage for hours worked with no compensation;

D.     Award Plaintiffs all amounts due under the Board Resolution;

E.     Award Plaintiffs costs and reasonable attorney's fees;

8

F.     Award Plaintiffs interest accruing for each week that Defendants failed to compensate Plaintiffs for time worked;

G.     Award Plaintiffs interest accruing for each week that Defendants failed to perform under the Board Resolution;

H.     Award Plaintiff benefits, compensatory damages, punitive damages, pre- and post-judgment interest.

I.     Any and all such other relief as the Court deems appropriate under the circumstances.

**THE WILSON FIRM, LLC**

*/s/ Timothy J. Wilson*
Timothy J. Wilson (No. 4323)
24 Deerborne Trail
Newark, DE 19702
302-286-1100
twilson@wilsonfirmllc.com
*Attorney for Plaintiff*

Dated: 04/27/12